UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-23391-GAYLES

DANIEL VERARDI,

        Plaintiff,

v.

MERCEDES-BENZ FINANCIAL
SERVICES USA, LLC,

        Defendant,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Daniel Verardi, appearing pro se, filed this action on September 3, 2024, [ECF No. 1], and, on September 30, 2024, filed his Amended Complaint. [ECF No. 8]. Plaintiff also moved to proceed *in forma pauperis*, [ECF No. 3], therefore the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

The Court is first obligated to consider whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Dutta-Roy v. Fain*, No. 14-0280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014); accord Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations and internal quotation marks omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

In his Amended Complaint, Plaintiff alleges in limited and confusing detail that (1) he accepted a financing offer from Defendant Mercedes Benz Financial Services USA LLC ("Defendant"), (2) he delivered a promissory note to Defendant's agent which was to be applied to the balance on his account, and (3) Defendant somehow breached its fiduciary duty to Plaintiff and violated Plaintiff's unspecified intellectual property rights. [ECF No. 8]. Based on these spartan allegations, Plaintiff sets forth claims for breach of fiduciary duty (Count One), breach of trust (Count Two), violation of the Section 16 of the Federal Reserve Act (Count Three), financial discrimination (Count Four), and violation of his due process rights under the Fifth Amendment (Count Five). Plaintiff seeks equitable relief including, among other things, a declaration that the promissory note constitutes "trust property" and

that Defendant breached its fiduciary duty to Plaintiff. *Id.* The Amended Complaint states that this Court has jurisdiction over Plaintiff's claims "based on established equity principles" and that Plaintiff "seeks equitable relief for breaches of fiduciary duty and mismanagement of trust property." *Id.*

The Amended Complaint fails to adequately allege that this Court has jurisdiction over Plaintiff's claims. Though Plaintiff makes conclusory statements that this Court has jurisdiction based on "equity principles", this is not sufficient to plead jurisdiction. Nor is it sufficient to simply state that Defendant has violated a federal statute or the constitution. Indeed, Section 16 of the Federal Reserve Act "does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction." *White v. Lake Union Ga Partners LLC*, 1:23-CV-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023). Moreover, Plaintiff cannot raise a Fifth Amendment due process claim against Defendant, a private corporation, without alleging that Defendant was acting under color of law. *See Smartt v. First Union Nat'l Bank*, 245 F. Supp. 2d 1229, 1233 (M.D. Fla. 2003) ("Constitutional violations do not apply to private citizens or corporations unless they act under color of law."); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("As a matter of substantive constitutional law the state-action requirement reflects judicial recognition that 'most rights secured by the Constitution are protected only against infringement by governments.'") (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). Accordingly, the Court finds that Plaintiff fails to allege a basis for this Court's jurisdiction, and the Amended Complaint must be dismissed for lack of subject matter jurisdiction.[1]

The Court notes that even if Plaintiff had established a basis for this Court's subject matter jurisdiction, his claims would likely be dismissed for failure to state a claim. The Amended

---

[1] Plaintiff does not allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332, and the Amended Complaint is devoid of allegations regarding the citizenship of the parties or the amount in controversy.

Complaint provides no detail about the trust property, the promissory note, the willful misrepresentation, or why the Defendant owes a fiduciary duty to Plaintiff. As a result, the Amended Complaint fails to state how Plaintiff is entitled to relief as required by Federal Rule of Civil Procedure 8.

Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of October, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE